John D. Bennett, S.
The petition seeks limited letters of administration for the purpose of bringing a wrongful death action on behalf of the decedent who died a resident of the State of Massachusetts. The petition alleges that the decedent met her death while a passenger in a car struck by a train of the Boston and Maine Railroad, which apparently is the proposed defendant in an action for wrongful death. The accident resulting in death occurred in the State of New Hampshire.
Since the decedent in a nonresident, and died without the State, subdivision 3 of section 45 and section 47 of the Surrogate’s Court Act constitute the only statutory authority by Avhich this court can take jurisdiction of the estate.
For this court to assume jurisdiction, the cause of action for wrongful death must be brought against a “ resident ” of this county.
Section 45 of the Surrogate’s Court Act reads: “ Exclusive jurisdiction. The surrogate’s court of each county has jurisdiction, exclusive of every other surrogate’s court, to take the proof of a will, and to grant letters testamentary thereupon, or to grant letters of administration, as the case requires, in
either of the following cases:
* # #
“ 3. Where the decedent, not being a resident of the state, died without the state * * * leaving a cause of action against a resident of that county for damages for a Avrongful act or negligence causing the death of the decedent and leaving no property in any other county.” (Italics supplied.)
If the court followed the conclusions reached in Matter of Fignar (53 N. Y. S. 2d 439) and Matter of Cooper (50 N. Y. S. 2d 905), it would perforce deny this application. This court however does not consider the issue so easy to determine.
Notice of this application is directed to be given to the Boston and Maine Railroad on or before December 10, 1958. In the interim the matter will be held in abeyance.
Proceed accordingly.